UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
LORD & TAYLOR ECOMM LLC,

Plaintiff,

- against -

CIRCLE BUSINESS S.A.,

Defendant.
----------------------------------X

**ORDER**

23 Civ. 6315 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

**WHEREAS** on September 9, 2026, the Court documented plaintiff Lord & Taylor Ecomm LLC's ("plaintiff") failure to prosecute this case and ordered plaintiff to show cause, by no later than October 8, 2026, as to why this case should not be dismissed for failure to prosecute; and

**WHEREAS** plaintiff has failed to respond to the Order to Show Cause; and

**WHEREAS** this Court has the authority to dismiss this case for failure to prosecute. See Fed. R. Civ. P. 41(b); Armstrong v. Guccione, 470 F.3d 89, 103 n.1 (2d Cir. 2006) (noting that "a federal district court has the inherent power to dismiss a case sua sponte for failure to prosecute"); LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001); and

**WHEREAS** before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

Wood v. City of N.Y., 2007 WL 2049686, at *1 (S.D.N.Y. July 13, 2007) (alterations adopted) (quotation marks omitted) (quoting LeSane, 239 F.3d at 209); and

**WHEREAS** the Court has considered these factors and concluded that they weigh in favor of dismissal of plaintiff's case because plaintiff has made no filing for seventeen months, plaintiff has failed to comply with numerous Orders to file a status report, plaintiff was provided notice that unless it showed cause by October 8, 2026, the case would be dismissed, and plaintiff failed to respond to the Order to Show Cause; it is hereby

**ORDERED** that plaintiff's case is sua sponte dismissed with prejudice for failure to prosecute. See Blum v. Discover Bank, 2021 WL 1964295 (S.D.N.Y. May 17, 2021) (dismissing case sua sponte following order to show cause after plaintiff failed to prosecute case for eight months); Savatxath v. City of Binghamton, 2013 WL 4805767, at *1 (N.D.N.Y. Sept. 9, 2013) (dismissing case for failure to prosecute after the plaintiff "neglected to comply with an order ... requiring him to notify the court ... as to why th[e] action should not be dismissed for failure to prosecute"); Djokovic v. U.S. Justice Dep't, 2008 WL 3200191, at *1-2 (E.D.N.Y. Aug. 6, 2008)

(dismissing case for, among other reasons, failure to prosecute where the plaintiffs were ordered to submit a letter stating "whether [they] intend[ed] to proceed with th[e] action," but plaintiffs failed to submit such a letter); Lopez v. Catholic Charities of the Archdiocese of N.Y., 2001 WL 50896, at *4 (S.D.N.Y. Jan. 22, 2001) (dismissing for failure to prosecute where plaintiff "ceased to prosecute [the] action at all" for three months). The Clerk of the Court is respectfully directed to terminate the case.

Dated: New York, New York
October 13, 2026

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE